Law Office of James McGee, PLC
Steven Parnell Weaver
CA Bar #243000
325 W. Hospitality Lane, Suite
212 San Bernardino CA 92408
steven@mcgeeplc.com
909-571-5599

UNITED STATES CENTRAL DISTRICT COURT

STATE OF CALIFORNIA

| | |
|---|---|
| Raymond Villa, Daniel Morales, Jiessi Alvarado, Hector Gaona, Matthew Perez, Daniel Cobarrubias, Timothy Baltierra and Robert Perez<br><br>              Plaintiffs,<br>vs.<br>COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, SAN BERNARDINO COUNTY SHERIFF SHANNON D. DICUS, SAN BERNARDINO COUNTY SHERIFF UNKNOWN DEPUTIES.  Nos. 1-5<br>              Defendants | ) Case No.:<br>) COMPLAINT FOR DAMAGES<br>)   -   State Common Law<br>)         Negligence<br>)   -   42 U.S.C. Section 1983 and<br>)         1988:<br>)         State Created Danger;<br>)         Failure to Protect<br>)   -   Intentional/Negligent Infliction<br>)         of Emotional Distress<br>)<br>) DEMAND FOR JURY TRIAL<br>)<br>)<br>) |

## **NATURE OF ACTION**

1. This is an action for money damages brought pursuant to 42 U.S.C.

   Sections 1983 and 1988, the Fourteenth Amendment of the United

States Constitution, the Eight Amendment of the Constitution and the California State Constitution against the County of San Bernardino, the San Bernardino County Sheriff's Department, the San Bernardino County Sheriff Shannon D. Dicus (Sheriff Dicus) and all currently unknown involved San Bernardino County Sheriff Deputies (Sheriff Does).

## **PRELIMINARY STATEMENTS**

2. Plaintiffs Raymond Villa (RV), Daniel Morales (DM), Jiessi Alvarado (JA), Hector Gaona (HG), Matthew Perez (MP), Daniel Cobarrubias (DC), Timothy Baltierra (TB) and Robert Perez (RP), collectively referred to as PLAINTIFFS, were inmates at the West Valley or Men's Central detention facility in the County of San Bernardino at time of incidents referenced herein.

3. PLAINTIFFS bring this action against the County of San Bernardino, San Bernardino County Sheriff's Department, Sheriff Dicus and Sheriff Does, collectively referred to as DEFENDANTS, for monetary damages to redress all their individual injuries resulting from DEFENDANTS negligence, deliberate indifference, failure to protect and purposeful acts.

2

4. Each Government-official Defendant, through the official's own and individual actions, has violated the Constitution.

5. The alleged constitutional deprivations are the product of a policy or custom of San Bernardino County.

6. PLAINTIFFS bring this action against all the DEFEDANTS under the Eighth Amendment of the United States Constitution and the Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983, for injuries suffered due to the DEFENDANT'S substantial and deliberate indifference to their health and safety.

7. There is a permanent and well-settled practice by San Bernardino County in not protecting inmates which gave rise to the alleged constitutional violations. DEFENDANTS have a habit and custom of housing inmates that should be separated and segregated from each other, together in the same cell or area, with the death or great bodily injury of one by the other ensuing.

8. PLAINTIFFS state a claim against the DEFENDANTS for breach of duties imposed upon them by the Constitution of the State of California and for duties imposed upon them by the common law.

9. This is a civil action seeking damages against the DEFENDANTS for committing acts under color of law and depriving the plaintiff of rights

secured by the Constitution and laws of the United States (42 U.S.C. § 1983).

10.   DEFENDANT'S officials, management and employees were negligent by, without limiting other acts and behaviors: failing to follow its established safety procedures; failing to protect PLAINTIFFS from harm; failing to provide necessary and appropriate security measures; and, failing to provide necessary and appropriate maintenance of equipment for the safety, welfare and protection of PLAINTIFFS.

11.   The DEFENDANTS deprived the PLAINTIFFS' rights as guaranteed by the Eighth and Fourteenth Amendments to the Constitution of the United States.

12.   The DEFENDANT'S jail officials, management and employees violated the plaintiffs' constitutional rights and were negligent by, without limiting other acts and behaviors; breach of its duty of care to PLAINTIFFS by purposefully or negligently: (1) allowing prisoners access to items easily converted to weapons; (2) failing properly to screen and segregate inmates known to have acted violently in the past; (3) failing to provide sufficient gate maintenance at the unit where the PLAINTIFFS are housed; (4) failing to follow its established safety procedures; (5) failing to provide necessary and appropriate security

measures; (6) failing to implement a classification system and corresponding housing plan for inmates at the West Valley and Men's Central detention centers and, (7) failing to provide necessary and appropriate security measures necessary for the safety, welfare and protection of the plaintiff.

13.  PLAINTIFFS suffered serious and severe physical and emotional injuries and deprivation of their constitutional rights because of the DEFENDANTS' actions.

14. Issues regarding medical treatment and billing are ongoing and we reserve the right to amend the Complaint when the information is available and complete.

15. This Complaint will be amended with more facts after video and other evidence is made available.

16. PLAINTIFFS are entitled to reasonable costs and attorney's fees under 42 U.S.C. 1988 and other applicable California codes and laws as to each claim or charge.

17. San Bernardino County inmates Christopher Jackson (FSB22001620), Harquan Johnson (FSB22001621) and Cory Veas (FSB22001622) are currently being charged with attempted murder and assault charges for

the attacks on HG, JA and RP, which was witnesses by DC, referenced within this Complaint.

18. San Bernardino County inmate Tory Bratton (2111342527) has written a statement proclaiming that he was instigated by Sheriff Does as to racial tension issues and was advised by them "to be on point" prior to being allowed access to and attacking Plaintiffs RV, TB and RP by a door being opened and acknowledged that he was provided with an opportunity to attack.

## JURISDICTION AND VENUE

19. Defendants San Bernardino County, Sheriff Dicus of San Bernardino County, individually and in his official capacity as current principle of San Bernardino jail facilities as the San Bernardino County Sheriff, and Sheriff Does are responsible for the opening, closing, security and maintenance of the gates and units in question.

20. This action is filed under the Eighth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983, under California Law and under common law, to redress injuries suffered by the PLAINTIFFS at the hands of DEFENDANTS.

21. PLAINTIFFS exhausted the formal grievance process individually and notices of a claim were presented by each PLAINTIFF and rejected

thereafter by DEFENDANTS.  The claim stated the time, place, cause, nature, and description of matter causing any injuries.

22. This Court has jurisdiction over the federal civil rights claim pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

23. At all relevant times, PLAINTIFFS were inmates at the West Valley or Men's Central detention center, operated by the San Bernardino County Sheriff's Department in the County of San Bernardino.

24. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).


## **PARTIES**

25.    Defendant San Bernardino County is a California municipal corporation that acts through individuals to establish its policies and that is capable of being sued under California Law.

26.    The San Bernardino County Sheriff Department is an entity under the jurisdiction of San Bernardino County.

27.    Sheriff Dicus is responsible for supervising and operating the San Bernardino County Sheriff's Department and ensuring the health and safety of all inmates incarcerated in such facilities as the executive. Sheriff Dicus is the ultimate decision maker and policy setter for the

County of San Bernardino County Sheriff's Department ("Department").

Sheriff Dicus is sued herein in his official and personal capacity.

28.    At all times mentioned herein and at all other relevant times,

Defendant Sheriff Does were/are employed by the Department acting

within the course and scope of their employment under Sheriff Dicus.

Sheriff Does are sued herein in both their official and personal

capacities.

29.    Plaintiffs will seek leave to amend this complaint to show the true

names and capacities of Defendant Sheriff Does when they have been

ascertained.

30.    Plaintiff Raymond Villa (RV) is an individual, and at all times

mentioned herein was a citizen of the United States of America and a

resident of the County of San Bernardino while in custody at the San

Bernardino County West Valley jail located at 9500 Etiwanda Ave.

Rancho Cucamonga CA 91739

31.    Plaintiff Daniel Morales (DM) is an individual, and at all times

mentioned herein was a citizen of the United States of America and a

resident of the County of San Bernardino while in custody at the San

Bernardino County Men's Central jail located at 630 East Rialto Ave.,

San Bernardino Ca 92415

32.   Plaintiff Jiessi Alvarado (JA) is an individual, and at all times mentioned herein was a citizen of the United States of America and a resident of the County of San Bernardino while in custody at the San Bernardino County Men's Central jail located at 630 East Rialto Ave., San Bernardino Ca 92415

33.   Plaintiff Hector Gaona (HG) is an individual, and at all times mentioned herein was a citizen of the United States of America and a resident of the County of San Bernardino while in custody at the San Bernardino County Men's Central jail located at 630 East Rialto Ave., San Bernardino Ca 92415

34.   Plaintiff Matthew Perez (MP) is an individual, and at all times mentioned herein was a citizen of the United States of America and a resident of the County of San Bernardino while in custody at the San Bernardino County Men's Central jail located at 630 East Rialto Ave., San Bernardino Ca 92415.

35.   Plaintiff Daniel Cobarrubias (DC) is an individual, and at all times mentioned herein was a citizen of the United States of America and a resident of the County of San Bernardino while in custody at the San Bernardino County Men's Central jail located at 630 East Rialto Ave., San Bernardino Ca 92415.

36.     Plaintiff Timothy Baltierra (TB). is an individual, and at all times mentioned herein was a citizen of the United States of America and a resident of the County of San Bernardino while incarcerated at San Bernardino County West Valley jail located at 9500 Etiwanda Ave. Rancho Cucamonga CA 91739.

37.     Plaintiff Robert Perez (RP) is an individual, and at all times mentioned herein was a citizen of the United States of America and a resident of the County of San Bernardino County while a resident at West Valley jail located at 9500 Etiwanda Ave. Rancho Cucamonga CA 91739.

**STATEMENT OF FACTS FOR PLAINTIFF RV'S CAUSES OF ACTION**

38.     At the time of the incident, Plaintiff RV was incarcerated in protective pretrial custody at San Bernardino County West Valley jail located at 9500 Etiwanda Ave. Rancho Cucamonga CA 91739.

39.     On or about July 26,2021, RV was stabbed by an armed general population inmate, Joshua Molina (2106340287), due to Sheriff Doe 1 opening a security door.

40.     Mr. Molina was able to secure a knife-like weapon.

41.     After his door was opened, Mr. Molina advanced towards inmates, causing a commotion Sheriff Does should have or did observe.

42.    RV attempted to calm Mr. Molina down and noticed he had a weapon.

43.    Mr. Molina proceeded to stab RV and other inmates.

44.    RV, plaintiff DM and another inmate nonplaintiff, were able to subdue Mr. Molina.

45.    RV was stabbed in his right upper back, left lower arm, his epigastrium and his right thigh and was treated at Arrowhead Regional Medical Center in the emergency room.

46.    No Sheriff Deputies confronted or attempted to stop Mr. Molina prior to the stabbings.

47.    Upon information and belief, Mr. Molina was the subject of an earlier physical altercation with inmates, not involving any of the PLAINTIFFS.

48.    Due to the door being opened and Mr. Molina being armed, RV suffered serious body injury resulting from numerous stab wounds requiring medical treatment and multiple staples.

49.    After the incident, RV filed a grievance due to his being stabbed but was disciplined for the matter and was threatened with further discipline for the reporting.

50.    RV's official incident report fails to mention that he was stabbed numerous times and is in essence identical to DM's incident report.

51.   RV suffers from emotional distress caused by knowing he is not secure or safe while being housed by the DEFENDANTS.

52.   A claim was filed on 4/12/2022 with the County of San Bernardino and it was returned on 5/3/2022 as not being filed timely.

53.   Leave to present a late claim was filed on 5/16/2022 and denied according to the County of San Bernardino on 5/3/2022 (which may be a typo for 6/3/2022) with a date on the letter of 6/21/2022.

## COUNT 1 – Negligence

54.   The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

55.   DEFENDANTS breached its duty of care to the plaintiff by allowing an inmate under the care and custody of the San Bernardino Sheriff's Department to obtain a lethal weapon.

56.    DEFENDANTS breached its duty of care to the plaintiff by failing to follow its established safety procedures resulting in Plaintiff being stabbed and/or attacked.

57.   Due to the actions of a San Bernardino Sheriff's Deputy, doors were not properly maintained, operated and/or secured;

12

58.   DEFENDANTS' officials, management and employees violated

plaintiff's constitutional rights and were negligent by, without limiting

other acts and behaviors: breach of its duty of care to Plaintiff by

negligently: (1) allowing prisoners access to weapons; (2) failing

properly to screen and segregate inmates known to have acted violently

in the past; (3) failing to follow its established safety procedures; (4)

failing to provide necessary and appropriate security measures by

negligently or purposefully leaving security doors unsecured; (5) failing

to develop and implement a classification system and corresponding

housing plan for inmates at the detention facility.

59.   Due to the doors being unsecured, Plaintiff was stabbed by a lethal

weapon and sustained preventable physical and emotional damage.


**COUNT 2 - Violation of 14th Amendment – Due Process – State-**

**Created Danger**

60.   The Plaintiff re-alleges and incorporates the foregoing paragraphs as

if set forth herein and further states that:

61.   DEFENDANTS breached its duty of care to Plaintiff through

"deliberate indifference" toward a substantial risk to the plaintiff's health

13

or safety by opening doors allowing an inmate to stab and/or attack Plaintiff without intervention, which was a known and obvious danger.

62.   DEFENDANTS placed the Plaintiff in a position of an actual, particularized danger by creating or exposing the plaintiff to a danger that he would not have otherwise faced.

63.   DEFENDANTS failed to take action to protect unarmed inmates from an armed inmate.

64.   DEFENDANTS violated Plaintiff's constitutional rights and were reckless, without limiting other acts and behaviors, by: (1) allowing an inmate access to items that was easily converted to a weapon; (2) failing to screen and segregate inmates known to have acted violently in the past; (3) failing to follow its established safety procedures; (4) failing to provide necessary and appropriate security measures; (5) failing to implement a proper classification system and corresponding secure housing plan for inmates at the DEFENDANTS' detention facility.

65.   DEFENDANTS' failure to take appropriate action and their purposeful action, resulted in physical and emotional harm to the Plaintiff.

66.   DEFENDANTS actions created the actual, particularized danger which caused severe physical and emotional injury to the plaintiff that was foreseeable

## COUNT 3 – Violation of 14th Amendment – Pretrial Detainee's Claim of

## Failure to Protect

67.    The Plaintiff re-alleges and incorporates the foregoing paragraphs as

if set forth herein and further states that:

68.    DEFENDANTS breach of their duty of care by a purposeful failure to

provide necessary and appropriate security measures in keeping

security doors secure.

69.    The DEFENDANTS made an intentional decision regarding the

conditions under which the plaintiff was confined by opening the door of

an armed inmate;

70.    The opening of a security door housing an armed inmate put the

Plaintiff at substantial risk of suffering serious physical and emotional

harm, which in fact did occur;

71.    The DEFENDANTS did not take any reasonable available measures

to abate or reduce that risk, even though a reasonable officer in the

circumstances would have appreciated the high degree of risk

involved—making the consequences of the defendant's conduct

obvious;

72.    The injury to the plaintiff was caused by a failure of the

DEFNEDANTS to provide necessary and appropriate security for the

15

safety, welfare and protection of Plaintiff in violation of the laws of the Constitution and procedures governing the operation of the DEFENDANTS by allowing security doors to be unsecured and allowing an armed inmate to roam unsecured causing the injury to Plaintiff.

## COUNT 4- Emotional Distress

73.    The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

74.    DEFENDANTS engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

75.    As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress from physical and emotional trauma induced by DEFENDANTS and the outrageous conduct was the cause of the emotional distress suffered by the Plaintiff.

76.    The actions of the DEFENDANTS that caused the injury did so either purposefully or negligently.

16

## STATEMENT OF FACTS FOR PLAINTIFF DM CAUSES OF ACTION

77.    At the time of the incident, Plaintiff DM was incarcerated at San Bernardino County Men's Central jail located at 630 East Rialto Ave., San Bernardino Ca 92415.

78.    On or about July 26, 2021, DM was stabbed by an armed inmate due to the jail either purposely opening or negligently securing an armed door.

79.    DM was able to be stabbed because inmate Joshua Molina (2106340287) was armed and unsecured by not being segregated due to either a door purposefully being opened or the negligent securing of an armed door.

80.    Mr. Molina was DM's cellmate at the time of the stabbing.

81.    DM was awoken that day by the sound of his cell door electronically "popping" open and Mr. Molina left the cell thereafter.

82.    DM saw Joshua Molina attempting to stab other inmates, including RV, and was stabbed trying to stop him.

83.    DM was stabbed in the chin, nose, chest, neck and left wrist.

84.     According to Arrowhead medical records he suffered a closed head injury, blunt abdominal trauma, laceration of the chest wall, facial

laceration, blunt force trauma, left hand paresthesia and laceration of the left wrist.

85. DM's injuries included a septum hematoma and a 4.5 cm chin laceration, both of which required surgery.

86. DM received 2 staples in his left chest wall and staples in his left wrist as well as sutures in his chin and nose.

87. DM was prescribed medication for his physical pain and Elavil for nerve damage pain.

88. DM's nose, chest and wrist are still numb.

89. DM's nose is no longer symmetrical and is displaced from its original position.

90. DM feels tingling sensations in his left wrist from the stabbings that feel like the sensation of hitting your funny bone constantly.

91. No Sheriff Deputy attempted to intervene before the stabbings occurred and were late to break up the attack.

92. DM was taken to the hospital but his official incident report fails to mention that he was stabbed numerous times.

93. DM is currently suffering from emotional pain and suffering due to increased anxiety caused by the fear of not being safe and secure while incarcerated by the DEFENDANTS.

94.   DM still has physical pain and cannot fully use his left hand due to the stabbing and as of August of 2022, he has stints for both arms.

95.   This is the same incident involving Plaintiff RV.

## COUNT 5 – Negligence

96.   The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 51-55.

## COUNT 6- Violation of 14th Amendment – Due Process – State-Created Danger

97.   The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraph 57-62.

## COUNT 7 – Violation of 14th Amendment – Pretrial Detainee's Claim of Failure to Protect

98.   The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 64-68.

## COUNT 8- Emotional Distress

99.    The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 70-73.

## STATEMENT OF FACTS GIVING RISE TO PLAINTIFF JA'S CAUSES OF ACTION

100.  At the time of the incident, Plaintiff JA was in protective custody and incarcerated at San Bernardino County Men's Central jail located at 630 East Rialto Ave., San Bernardino Ca 92415.

101.  On or about October 28, 2021, JA was viciously stabbed multiple times by other inmates at the Central jail at the K South Tier.

102.  Under information and belief, Inmates Cory Thomas (1411300743) and Christopher Jackson (1911300544) were uncuffed and ran up the stairwell from the G South sallyport to the K South tier and attacked JA.

103.    JA was stabbed because a door was purposely or negligently not secured.  This door separated classes and segments of inmates for their protection.

104.  The two attackers were black-box inmates and should not have been uncuffed.

105.  This attack involved Plaintiff's JA, MP, HG and DC.

106.   Plaintiff JA *was* at all relevant times was an inmate at the San Bernardino County Men's Jail, under the care, custody and supervision of the Sheriff Dicus.

107.   Plaintiff JA was treated for stab wounds to his right anterior chest and right lateral chest wall region.  The wounds were closed with demabond.

108.   JA was prescribed Zoloft due to his increased anxiety caused by the fear of not being safe and secure while incarcerated.

109.   The San Bernardino County Sheriff's Department Inmate Injury report states that the action that should be taken to eliminate this problem in the future is that gates/doors leading to segments should be secured after use.

110.   JA was severely wounded, received substantial medical care and endured much pain and suffering.


**COUNT 9- – Negligence**

111.   The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 51-55.


**COUNT 10- Violation of 14th Amendment – Due Process – State-Created Danger**

112.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraph 57-62

## COUNT 11 - Violation of 14th Amendment – Pretrial Detainee's Claim of Failure to Protect

113.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 64-68.

## COUNT 12- Emotional Distress

114.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 70-73.

115.  As to Counts 9, 10, 11, 12:

## STATEMENT OF FACTS GIVING RISE TO PLAINTIFF HG'S CAUSES OF ACTION

116.  At the time of the incident, Plaintiff HG was in protective custody and was incarcerated at San Bernardino County Men's Central jail located at 630 East Rialto Ave., San Bernardino Ca 92415.

117.  On or about October 28, 2021, HG was stabbed in the back of the head by an unsecured Black-Box general population inmate.

118.  This resulted in a posterior scalp stab wound that was closed with demabond.

119.  Under information and belief, a supervisory investigation was conducted under deputy report number 302100271.

120.  HG was stabbed because a door was purposely or negligently not secured.  This door separated classes and segments of inmates for their protection.

121.  Deputies were aware of the issue due to a prior incident when HG was attacked on June 14, 2021 by the same general population inmates carrying broken sticks and he was stabbed then as well resulting in stitches.

122.  This is the second attack on HG by the same general population inmates.

123.  GH had a psychological evaluation after the incident due to his increased anxiety, hypervigilance, paranoia, PTSD and poor sleep.

124.  HG has been seeing in-custody mental health specialists since and has been in a constant state of fear.

125.   He was not protected twice by the DEFENDANTS, though he was in protective custody.

126.   The opening and closing of cell doors give him anxiety daily for fear of being attacked.

127.   HG has not left his cell at times due to this fear and has been prescribed medications to ease his nerves.

128.   He filed a grievance for both matters.

129.   This October attack also involved Plaintiffs JA, MP, DC and HG.


## COUNT 13 - Negligence

130.   The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 51-55.


## COUNT 14- Violation of 14th Amendment – Due Process – State-Created Danger

131.   The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraph 57-62.


## COUNT 15- Violation of 14th Amendment – Pretrial Detainee's Claim of Failure to Protect

132.   The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 64-68.

## COUNT 16 – Emotional Distress

133.   The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 70-73.

134.   As to Counts 13, 14, 15 and 16:

## STATEMENT OF FACTS GIVING RISE TO THE PLAINTIFF MP'S CAUSES OF ACTION

135.   At the time of the incident Plaintiff Matthew Perez was in protective custody and was incarcerated at San Bernardino County Men's Central jail located at 630 East Rialto Ave., San Bernardino Ca 92415.

136.   On or about Oct. 27-Oct. 28, 2021, Mr. Perez was stabbed approximately 8 times and is still suffering trauma from the incident.

137.   MP was stabbed because a door was purposely or negligently not secured.  This door separated classes and segments of inmates for their protection.

138.   MP was stabbed in his head, face, ear, lung, back, chest, arm and leg and was hospitalized due to seriousness of the wounds and the amount of blood he was losing.

139.   When MP returned from the hospital, his records dictate that he had: 2 sutures to middle between eyebrow, right scalp with #3 visible sutures, left scalp laceration with scab, right ear laceration with 1 suture, left ring finger with 2 sutures, right forearm with 1 sutures, 1 right upper chest suture, 1 right shoulder suture, 1 left middle back suture, and left shin with unknown # of sutures with an ace wrap.

140.   Some of these stab wounds were deep and will forever impact his life as well as his appearance.

141.   These stabbings caused significant pain and suffering.

142.   MP has been in constant fear of his security since this attack and has experienced increases in anxiety and paranoia.

143.   This October attack also involved Plaintiffs JA, MP, DC and HG.


## COUNT 17 - Negligence

144.   The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 51-55

## COUNT 18- Violation of 14th Amendment – Due Process – State-Created Danger

145.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraph 57-62.

## COUNT 19 - Violation of 14th Amendment – Pretrial Detainee's Claim of Failure to Protect

146.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 64-68.

## COUNT 20 – Emotional Distress

147.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 70-73.

148.  As to Counts 17, 18, 19 and 20:

149.  As a direct and proximate result of the DEFENDANTS' conduct,

## STATEMENT OF FACTS GIVING RISE TO PLAINTIFF DC CAUSES OF ACTION

150.  At the time of the incident, DC was in protective custody and was incarcerated at San Bernardino County Men's Central jail located at 630 East Rialto Ave., San Bernardino Ca 92415.

151.  On or about October 28, 2021, DC watched protective custody inmates MP, JA and HG, being attacked and stabbed by Black-Boxed general population inmates.

152.  Under information and belief, a supervisory investigation was conducted with possible discipline administered to currently unknown Sheriff employees.

153.  There should be video of the stabbings and an internal investigation and findings.

154.  DC was in the cell next to the attacks, witnessed the horror of the stabbings and has had severe emotional and mental distress due to this incident, as well as others while in the custody of the DEFENDANTS.

155.   He was prescribed various medications to control the anxiety, the voices and paranoia of being attacked at any moment.

156.  His medical reports document his depression, anxiousness, paranoia and poor sleep due to witnessing multiple violent preventable stabbings while in the custody of DEFENDANTS.

157.  His feelings of extreme vulnerability and sense of lack of any security, even though while in protective custody, has caused him severe emotional distress by being on constant edge.

158.  This event happened because a door was purposely not secured which separated classes and segments of inmates for their protection and inmates were not secure by Sheriff Does.

159.  Deputies were aware of the issue due to a prior incident when HG was attacked in June of 2021 by general population inmates carrying broken sticks.

160.  DC is a witness to the previous incident involving HG.  A grievance was filed for that issue.

161.  This October 2021 attack involved Plaintiffs JA, MP, DC and HG.

162.   The location of the black-boxed inmates has since been moved away from the area of protective custody inmates.


## COUNT 21 – Emotional Distress

163.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 70-71.

164.  As to Count 21:

## STATEMENT OF FACTS GIVING RISE TO THE PLAINTIFF TB CAUSES

## OF ACTION

165.  At the time of the incident, Plaintiff TB was incarcerated at San

Bernardino County West Valley jail located at 9500 Etiwanda Ave.

Rancho Cucamonga CA 91739.

166.  On or about January 21, 2022, TB was in Unit 5-F in Cell 12 and

usually there is only 1 quarter cell open at a time for safety purposes.

167.  On this date, the deputies opened 2 additional doors to Cell 4 and

Cell 15 causing TB to be attacked by approximately four other inmates

of a different race from these other Cells.

168.  TB was stabbed in the back during this attack and twice in the left

buttocks as well as punched and kicked repeatedly by the attacking

inmates.

169.  Plaintiff RP was a witness to this attack.

170.  TB was stabbed because a door was purposely not secured which

separated classes and segments of inmates for their protection.

171.  This incident was captured on video.

172.  TB now has substantial back pain and issues with his mobility.

173.  TB initially denied medical attention at the time of the incident, but he

has been having increasingly elevated back problems and pain.

174.  TB's medical chart notes a wound to his lower back that is small, circular and healed as of 4/22/22.

175.  As of August 16, 2022, his back still locks up while laying or sitting, resulting in extreme pain. TB has extreme difficulty moving or getting up.

176.  TB has not received any meaningful medical care or treatment despite complain of pain because "he did not tell them when it happened."

177.  TB has been in constant fear of his security since this attack and has experienced increases in anxiety and paranoia.


## COUNT 22 - Negligence

178.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 51-55.


## COUNT 23 - Violation of 14th Amendment – Due Process – State-Created Danger

179.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraph 57-62.

## COUNT 24 - Violation of 14th Amendment – Pretrial Detainee's Claim of Failure to Protect

180.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 64-68.

## COUNT 25 – Emotional Distress

181.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraphs 70-73.

182.  As to Counts 22, 23, 24 and 25:

## STATEMENT OF FACTS GIVING RISE TO THE PLAINTIFF RP CAUSES OF ACTION

183.  At the time of the incident, Plaintiff RP was incarcerated at San Bernardino County West Valley jail located at 9500 Etiwanda Ave. Rancho Cucamonga CA 91739 in the maximum-security unit.

184.  On or about January 21, 2022, RP was in his Unit when Sheriff Doe 3 opened additional cell doors on different tiers holding different races of inmates.

185.  The doors are not usually all open together at the same time for the safety and security of the inmates and staff.

32

186.  On this date, the deputies opened 2 additional doors causing RP to be attacked by other inmates of a different race from these other Cells.

187.  The attackers appeared to be inmates returning from Court and inmates returning from Dental services.

188.  RP was brutally attacked by these released inmates and is now blind in one eye, received a broken nose and has decreasing vision in his other eye.

189.  Sheriff Deputies were delayed in their response to the attack.

190.  RP was rushed to Arrowhead hospital after the event.

191.  RP has made numerous trips to medical specialists regarding the condition of his eyes and his nose since this incident.

192.  Medical plastic surgery specialist had to retrieve cartilage from his right ear to fix his broken nose due to deviation.

193.  RP has vision issues and suffered a broken nose because cell doors were purposely or negligently not secured.

194.  RP has been going to Pacific Eye Institute in Rancho Cucamonga to receive injections for his right eye due to the incident.

195.  He has been advised that he has swelling, blood and hemorrhaging behind his right eye due to the incident.

196.  RP had surgery in July of 2022 on his head and brain due to his

headaches caused by this incident.

197.  The involved doors separated classes and segments of inmates for

their protection and safety.

198.  RP received corrective surgery for his broken nose roughly 8 months

after the incident.

199.   This incident was captured on video.

200.  This incident also involved the attack of Plaintiff TB.


**COUNT 26 - Negligence**

201.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as

if set forth herein and more specifically paragraphs 52-53 and 55.

202.  DEFENDANTS violated plaintiff's constitutional rights and were

reckless, without limiting other acts and behaviors, by breaching their

duty of care to RP by: (1) allowing prisoners access to prisoners they

shouldn't (2) failing to properly screen and segregate inmates known to

have acted violently in the past; (3) failing to provide sufficient security at

the unit where RP was housed; (4) failing to follow its established safety

procedures; (5) failing to provide necessary and appropriate security

measures; (6) failing to develop and implement a classification system

34

and corresponding housing plan for inmates at the central detention facility.

## COUNT 27 - Violation of 14th Amendment – Due Process – State-Created Danger

203.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and more specifically paragraph 57-58.

204.  DEFENDANTS violated Plaintiff's constitutional rights and were reckless, without limiting other acts and behaviors, by: (1) allowing multiple inmates access to Plaintiff that should not have had such access; (2) failing to screen and segregate inmates known to have acted violently in the past; (3) failing to follow its established safety procedures; (4) failing to provide necessary and appropriate security measures; (5) failing to implement a proper classification system and corresponding secure housing plan for inmates at the DEFENDANTS' detention facility.

205.  DEFENDANTS' failure to take appropriate action and their purposeful action, resulted in physical and emotional harm to the Plaintiff.

206.  DEFENDANTS actions created the actual, particularized danger which caused severe physical and emotional injury to the plaintiff that was foreseeable

## COUNT 28 – Violation of 14th Amendment – Pretrial Detainee's Claim of Failure to Protect

207.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

208.  DEFENDANTS breach of their duty of care by a purposeful failure to provide necessary and appropriate security measures in keeping security doors secure.

209.  The DEFENDANTS made an intentional decision regarding the conditions under which the plaintiff was confined by opening the doors allowing multiple inmates to have access to Plaintiff that should not have;

210.  The opening of a security door housing an armed inmate put the Plaintiff at substantial risk of suffering serious physical and emotional harm, which in fact did occur;

211.  The DEFENDANTS did not take any reasonable available measures to abate or reduce that risk, even though a reasonable officer in the

circumstances would have appreciated the high degree of risk

involved—making the consequences of the defendant's conduct

obvious;

212.  The injury to the plaintiff was caused by a failure of the

DEFENDANTS to provide necessary and appropriate security for the

safety, welfare and protection of Plaintiff in violation of the laws of the

Constitution and procedures governing the operation of the

DEFENDANTS by allowing security doors to be unsecured causing the

injury to Plaintiff.


**COUNT 29 – Emotional Distress**

213.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as

if set forth herein and more specifically paragraphs 70-73.

214.  As to Counts 26, 27, 28 and 29:


**COUNT 30**

215.  Violation of each and every individual PLAINTIFFS' civil rights under

California constitution and state law by DEFENDANTS.

216.  The Plaintiff re-alleges and incorporates the foregoing paragraphs as

if set forth herein and further states that:

217.  The conduct of DEFENDANTS depraved PLAINTIFFS of their rights, privileges and immunities under California Constitution Article 1, Section 7, not to be deprived of live, liberty or property without due process of law; the right to equal protection under the law and protections from bodily harm under California Civil Code, Sections 51 et al, 52 and 43.

218.  DEFENDANTS and each of them, directly or indirectly engaged under color of official duty to deprive PLAINTIFFS of their rights to redress under California Civil Code, Section 51 et al and 52 as victims of oppressive and physical harm and to cover up the unlawful numerous beatings and assaults of PLAINTIFFS.

219.  The continuation of policies, customs and practices by DEFENDANTS by inaction, omissions, coverups and the persistent use of failed programs as a pretense to engage in meaningful training, supervision and monitoring only encourage their officer to believe that improper force against inmates is permissible, acceptable, tolerated and will go unpunished.


WHEREFORE, the PLAINTIFFS demands judgment against each and every Defendant individually and jointly as DEFENDANTS and prays for relief as follows as to each above Count or Charge:

1.) Compensatory damages in an amount according to proof, which is
    fair, just and reasonable;

2.) Punitive and exemplary damages under federal and California law, in
    an amount according to proof and in an amount which is fair, just, and
    reasonable against each individual Defendant as allowable by law.

3.) All other damages, penalties, costs, interest, and attorneys' fees as
    allowed by 42 U.S.C 1983 and 1988; California Code of Civil
    Procedure 377.20 et seq., 377.60 et seq., and 1021.5; California Civil
    Code 52 et seq., 52.1; and as otherwise may be allowed by California
    and/or Federal law; and

4.) For such other and further relief as the Court deems just and proper.

Dated: August 25, 2022

_____
Steven Parnell Weaver

Attorney for PLAINTIFFS

DEMAND FOR JURY TRIAL The plaintiff hereby demands a jury trial on
each and every charge or count.

Dated: August 25, 2022

_____
Steven Parnell Weaver

Attorney for PLAINTIFFS